IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AFFINION BENEFITS GROUP, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:09-cv-0273 |
| ) | |
| ECON-O-CHECK CORP., ) | Senior Judge Thomas A. Wiseman, Jr. |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is the Defendant Econ-O-Check Corp.'s Motion to Dismiss, or, in the Alternative, Transfer (Doc. No. 12). Econ-O-Check first asserts, rather creatively, that the complaint should be dismissed under Rule 12(b)(3) of the Federal Rules of Civil Procedure on the grounds of improper venue because, under the doctrine of *forum non conveniens*, venue in this district is improper. In the alternative, Econ-O-Check requests transfer of the action to the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1404(a). As set forth below, the Court finds Econ-O-Check's motion to be entirely meritless.

**I.      Dismissal Is Not Appropriate Under Fed. R. Civ. P. 12(b)(3) or *Forum Non Conveniens.***

As the Sixth Circuit has recognized, "[v]enue in removed cases is governed solely by [28 U.S.C.] § 1441(a)," which dictates that the only federal venue into which a state court action may be removed is the "district court . . . for the district and division embracing the place where [the state court] action [was] pending." *Kerabo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 534–35 (6th Cir. 2002) (quoting 28 U.S.C. § 1441(a) (alterations in original)). Moreover, once a defendant has properly removed an action to federal court in accordance with § 1441(a), he may no longer challenge venue as *improper* "as of right . . . , as if the case had originally been brought there." *Id.* at 535 (quoting *PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc.*, 138 F.3d 65, 72 (2d Cir. 1998)). Instead, that party may request transfer to an alternative venue under 28 U.S.C. § 1404(b), *id.*, as discussed below.

Econ-O-Check argues, however, that venue is improper under Rule 12(b)(3) because it is improper under the doctrine of *forum non conveniens*. This argument borders on the frivolous.

Application of the doctrine of *forum non conveniens*, having been superseded by 28 U.S.C. § 1404, now has continued viability only when the alternative forum is in a foreign country. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 722 (1996); *American Dredging Co. v. Miller*, 510 U.S. 443, 449, n.2 (1994)). Econ-O-Check's motion to dismiss on the basis of improper venue or *forum non conveniens* is completely devoid of merit.

## II. Econ-O-Check Has Not Established That Transfer Is Appropriate Under 28 U.S.C. § 1404.

The statute pertaining to transfer provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The decision whether to grant a change of venue pursuant to § 1404(a) is left to the district courts' sound discretion. *Zomba Enters., Inc. v. Panorama Records, Inc.*, 491 F.3d 574, 588 (6th Cir. 2007); *Hoffa v. Gray*, 323 F.2d 178, 179 (6th Cir. 1963). The threshold question for transfer is whether the transferee court is in a district where this case "might have been brought." 28 U.S.C. § 1404(a). Affinion does not dispute that this case could have appropriately been brought in the Northern District of Georgia but "emphatically disputes" that the Northern District of Georgia is the appropriate forum. (Doc. No. 24, at 4.).

In that regard, Section 1404(a) next directs the courts to consider private and public interests relevant to the choice of venue. *See Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991). In this Circuit, consideration of those interests requires balancing the following elements:

> (1) the plaintiff's choice of forum; (2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; (3) relative advantages and obstacles to a fair trial; (4) the possibility of the existence of questions arising in the area of conflict of laws; (5) the advantage of having a local court determine questions of law; and (6) all other considerations of practical nature that make a trial easy, expeditious, and economical.

*S. Elec. Health Fund v. Bedrock Servs.*, 2003 U.S. Dist. LEXIS 24396, *14-*15 (M.D. Tenn. Jul. 23, 2003) (citations omitted). The burden of proving a need for transfer is on Econ-O-Check as the party bringing the motion. *Blane v. Am. Inventors Corp.*, 934 F. Supp. 903, 907 (M.D. Tenn. 1996) (citing *Factors Etc. v. Pro Arts, Inc.*, 579 F.2d 215 (2d Cir. 1978)). The burden of showing a need for transfer is considerable: "Unless the balance is *strongly in favor of the defendant*, the plaintiff's choice of forum should rarely be disturbed." *Id.* (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)) (emphasis added).

As an alternative to outright dismissal, Econ-O-Check seeks transfer to the Northern District of

Georgia under § 1404. Econ-O-Check, however, has failed to show that the balance of the relevant factors weighs strongly in its favor. Rather, Econ-O-Check essentially argues that litigation of this action in the Northern District of Georgia would be more convenient for it. For instance, it argues that Georgia is the more convenient forum because Econ-O-Check is based in Georgia and has no presence in Tennessee, its employee witnesses reside in Georgia, its documents and other evidence are located almost exclusively in Georgia, and litigating in Tennessee would impose a financial hardship upon it. While Econ-O-Check asserts that Georgia is also more convenient for non-party witnesses, it has not actually identified any of these non-party witnesses or indicated why their testimony might be important. Finally, Econ-O-Check asserts that Affinion's choice of forum should be accorded minimal deference because the action has "limited connection" with this forum. Unlike the plaintiffs in the cases cited in support of that argument, however, Affinion's principal place of business is actually in Tennessee and it alleges that it has suffered injury in Tennessee.

Econ-O-Check's motion establishes, at best, that it will be inconvenienced by having to litigate in Tennessee. It has not asserted any compelling public or private interest sufficient to warrant shifting the burden of that inconvenience to the plaintiff. Because Econ-O-Check has not shown that the balance of the relevant factors "strongly" favors it, the motion to transfer must be denied. *Blane v. Am. Inventors Corp.*, 934 F. Supp. 903, 907 (M.D. Tenn. 1996) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).

### III. Conclusion

For the reasons set forth herein, Defendant Econ-O-Check's Motion to Dismiss or Transfer (Doc. No. 12) is hereby **DENIED**.

It is so **ORDERED**.

This matter remains set for a hearing on the plaintiff's motion for a preliminary injunction, before the undersigned, on Friday, April 24, 2009 at 10:00 a.m.

_____
Thomas A. Wiseman, Jr.
Senior U.S. District Judge