# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **AFFINION BENEFITS GROUP, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **3:09-0273** |
| ) | **Senior Judge Thomas A. Wiseman, Jr.** |
| **ECON-O-CHECK CORP.** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

The February 1, 2011 Jury Trial is **CONTINUED to TUESDAY, APRIL 5, 2011, at 10:00 a.m.; estimated length of trial is one week.** The January 21, 2011 Pretrial Conference is **CONTINUED to MONDAY, MARCH 28, 2011, at 10:00 a.m.**

Counsel for the parties shall confer and attempt to prepare a new pretrial order to be submitted to the Court on or before noon on WEDNESDAY, MARCH 23, 2011. The pretrial order shall contain the following:

1. A recitation that the pleadings are amended to conform to the pretrial order and that the order supplants the original pretrial order;

2. A short summary of plaintiffs' theories;

3. A short summary of defendants' theories;

4. The issues to be submitted to the jury;

5. Any special trial procedural issues.

6. A statement that counsel have complied with the requirements of the Local Rules of Court and Rule 26 of the Federal Rules of Civil Procedure regarding discovery and disclosure. This Court does not require compliance with Local Rule 39.01(c)(6)c.

Pretrial briefs, stipulations, exhibit lists, witness lists, motions in limine, the original of all depositions that are to be introduced as evidence, objections to any depositions or exhibits which are expected to be offered into evidence, and requests for jury instructions or special verdict forms shall be filed no later than 12 noon on WEDNESDAY, MARCH 23, 2011. Counsel need not resubmit any written

motions in limine upon which the Court has already ruled. Requests for jury instructions or special verdict forms shall be submitted to the Court on computer disk in Word or Word Perfect Format or alternatively by e-mail.

The pretrial briefs shall contain the following:

1. A concise statement of the facts;
2. A concise statement of the issues;
3. A statement of the propositions of law upon which counsel relies, together with citations of authorities in support thereof; and
4. Those evidentiary rulings counsel anticipates may arise and the legal authorities counsel relies upon in support of his or her contention.

Counsel shall attempt in good faith to stipulate the authenticity of trial exhibits. Objections as to authenticity shall be resolved at the pretrial conference. Objections as to admissibility and relevancy may be reserved until the time of trial or addressed by pretrial motions in limine.

Counsel shall stipulate any matters as to which there is no genuine issue or which counsel does not intend to contest. Any requested stipulations not agreed to shall be resolved at the pretrial conference. It shall be the responsibility of plaintiff's counsel to produce a written copy of all stipulations and to file same.

If an agreed pretrial order is submitted to the Court, the final pretrial conference will be stricken from the Court's calendar upon its receipt. However, should the parties submit an agreed pretrial order but still wish to appear to discuss any remaining issues such as jury selection, pending motions in limine, the authenticity of exhibits, or objections to requested stipulations, counsel shall be responsible for notifying the courtroom deputy NOT to strike the pretrial conference from the calendar.

It is so ORDERED.

_____
Thomas A. Wiseman, Jr.
Senior U.S. District Judge